## Case No. 13,006.

SMITH et al. v. ATWOOD et al.

[3 McLean, 545.] [1]

Circuit Court, D. Indiana. May Term, 1845.

CONFLICT OF LAWS—RIGHTS—REMEDY.

1. A contract made in Pennsylvania and sued on in Indiana, in regard to the remedy cannot be governed by the law of Pennsylvania.

[Cited in Mathuson v. Crawford, Case No. 9,279.]

2. Such a rule is impracticable, and cannot be enforced.

3. The law of the contract accompanies it, and must govern it; but that relates to the rights and obligations of the parties, and not to the remedy.

At law.

O. H. Smith, for plaintiffs.

OPINION OF THE COURT. On the 9th of November, 1839, Smith and Sample, at Philadelphia, in the state of Pennsylvania, executed their promissory note to Atwood & Co., payable six months after date. A judgment was entered on the note in November, 1842, for $1,725, in the circuit court of the United States, in Indiana; and execution was issued, which was levied on the real estate of the defendants. The law of Pennsylvania prohibits the sale of lands on execution, if the rents and profits for seven years shall be appraised by twelve men to a sum sufficient to satisfy the judgment and costs, &c.; and if such return shall be made, and confirmed by the court, a levari facias shall issue to sell the rents and profits; and if they shall not sell for a sum sufficient, the plaintiff may have the land delivered over to him, &c. The laws of Indiana, at the date of the contract, and when suit was brought, required the rents and profits to be first offered, and if they shall not sell for a sum sufficient to pay the debt and costs for seven years, then the fee of the land may be sold for the best price it will bring.

On the above facts, a motion was made to set aside the return of the marshal, and that he be directed to collect the money under the laws of Pennsylvania. In support of this motion, the case of McCracken v. Hayward, 2 How. [43 U. S.] 608, is referred to, where the court say: "The obligation of a contract consists in its binding force on the party who makes it. This depends on the laws in existence when it is made; these are necessarily referred to in all contracts, and forming a part of them, as the measure of the obligation to perform them by the one party, and the right acquired by the other." And again, "The obligation of the contract between the parties, in this case, was to perform the promises and undertakings contained therein; the right of the plaintiff was to damages for the breach thereof, to bring suit and obtain a judgment, to take out and

[1] [Reported by Hon. John McLean, Circuit Justice.]

prosecute an execution against the defendant, till the judgment was satisfied, pursuant to the existing laws of Illinois. These laws, giving these rights, were as perfectly binding on the defendant, and as much a part of the contract, as if they had been set forth in its stipulations, in the very words of the law, relating to judgments and executions."

If this opinion be law, it is contended, the law of Pennsylvania is as much a part of the contract as if it had been incorporated in it. This must be admitted. The court referred to the remedy in the case cited, and the principle laid down must apply to all contracts. If the remedy be a part of the contract, the mode of its enforcement must be found not in the state where suit is brought, but in the state where the contract was made, or was to be performed. No proposition can be clearer, than that the law of the contract follows it wherever it may be enforced. And, on the ground assumed, by the mere force of the contract the remedy is kept alive, in the state where it was made, or elsewhere, in disregard of the legislative power. That this is the case, so far as regards the legality of the contract, is undoubted; but that the remedy constitutes a part of the contract, it is believed, was never before asserted by any court. The law of Pennsylvania cannot regulate the sale of real estate, by execution or otherwise, in Indiana. And this shows the impracticability, if not the absurdity, of the rule contended for. The motion is overruled.